UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Gloria Terrell<br>407 South Maple Avenue<br>Yeadon, PA 19050<br><br>               Plaintiff<br>v.<br><br>Main Line Health, Inc.<br>130 South Bryn Mawr Avenue<br>Bryn Mawr, PA 19010<br>and<br>Main Line Hospitals, Inc. d/b/a<br>Lankenau Hospital<br>100 Lancaster Avenue<br>Wynnewood, PA 19096<br><br>               Defendants | CIVIL ACTION<br><br>DOCKET NO.: |

## COMPLAINT AND JURY DEMAND

Come now the Plaintiff, Gloria Terrell, by and through counsel, Albert J. Michell, Esquire, and for her complaint and cause of action, states as follows:

## PARTIES

1. Plaintiff, Gloria Terrell (hereinafter "Ms. Terrell" or "Plaintiff") is an adult female resident of the Commonwealth of Pennsylvania living at 407 South Maple Avenue, Yeadon, PA 19050.

2. Defendant Main Line Health, Inc. (hereinafter "MLH") is and was at all times material and relevant hereto a non-profit corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania with a place of business located at 130 South Bryn Mawr Avenue, Bryn Mawr, PA 19010.

3. Defendant Main Line Hospitals, Inc. d/b/a Lankenau Hospital (hereinafter "MLHospitals") is and was at all times material and relevant hereto a non-profit corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania with a place of

business, Lankenau Hospital, located at 100 Lancaster Avenue, Wynnewood, PA 19096.

4. It is believed and therefore averred that Main Line Health, Inc. currently owns Main Line Hospitals, Inc.

5. All of the above Defendants (hereinafter collectively referred to as "Defendants") are properly considered a single or joint employer because they are intermingled, related, and act in concert amongst themselves.

6. Defendants are engaged in an industry affecting commerce within the Age Discrimination in Employment Act of 1967 as amended, 29 U.S.C. Section 630 (hereinafter "ADEA").

7. For each working day and for each of twenty of more calender weeks in the current calender year 2017 and at all other times relevant hereto, Defendants employed 20 or more persons.

8. At all times relevant to this action, Defendants were an "employer" within the meaning of sections 4(e) and 11(b) of the Age Discrimination Act, 29 U.S.C. Sections 623(b) and 630(b).

9. At all times relevant to this action, Defendants were an "employer" within the meaning of Section 4 of the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. Ann. Section 954.

10. At all times relevant to this action, Defendants were an employer of Plaintiff within the meaning of Section 5 of the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. Ann. Section 955.

## JURISDICTION

11. Jurisdiction of this Court comes under 28 U.S.C. Sec. 1331 (federal question) based on Ms. Terrell's claims under the ADEA.

12. State law components of this action arise under the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. Ann. Section 951, *et seq*. This Court has supplemental subject matter jurisdiction over all state law components of this action pursuant to 28 U.S.C. Section 1367(a).

## VENUE

13. Venue in this district is proper because the acts of discrimination occurred in Wynnewood, PA Plaintiff was employed at Defendants' place of business in Wynnewood, PA

and Plaintiff lives in Yeadon, PA.

## PROCEDURAL REQUIREMENTS

14. On February 17, 2017, within 180 days of the occurrence of the acts of discrimination of which she complains, Plaintiff Gloria Terrell filed a complaint against Defendants with the Equal Employment Opportunity Commission (hereinafter "EEOC"). Said complaint was concurrently filed with the Pennsylvania Human Relations Commission (hereinafter "PHRC"), alleging violations of the ADEA.

The EEOC and PHRC have held exclusive jurisdiction over Plaintiff's complaint for over 60 days.

To date, the EEOC and PHRC have not reached a conciliation agreement to which Plaintiff is a party.

## FACTS

15. Plaintiff Gloria Terrell, a woman with a year of birth of 1955, began working at Lankenau Hospital (hereinafter "Hospital"), wholly owned by Main Line Hospitals, Inc., in 1974 at the age of 19.

16. At all times material and relevant hereto Ms. Terrell was one of three unit secretaries in the Hospital's operating room unit, where her duties were administrative in nature and included, among other things, patient billing, answering phone calls, maintaining charts and other medical records, scheduling the operating room, sending for patients, sending for patient medication, and ordering supplies.

17. In the August-September time frame of 2016 there were two other secretaries in the operating room unit: Barbara Hawkins (hereinafter "Ms. Hawkins") who was in her mid 50's and Linda Robinson (hereinafter "Ms. Robinson"), who was in her early 50's.

18. Plaintiff executed the duties of her position in an exemplary manner in her 42 years with the hospital.

19. On or about September 9, 2016 Ms. Terrell was terminated, ostensibly for two incidents, one which occurred on August 15, 2016 and the other on August 22, 2016.

20. The first incident, on August 15, 2016, occurred when Ms. Terrell's supervisor, Charge Nurse Andrea Ledford (hereinafter "Ms. Ledford"), asked Plaintiff if she could work late that night because the coverage status of one of the other Operating Room secretaries (Barbara Hawkins) was uncertain.

21. Plaintiff was not scheduled to work the late shift and she had longstanding prescheduled birthday celebration plans.

22. Despite this, Plaintiff indicated she would work that night if coverage was required in the unit.

23. Ms. Ledford asked Plaintiff to find out from Barbara Hawkins whether she was coming in for her shift.

24. Ms. Ledford immediately left on an urgent work matter and Plaintiff then tried to find the employee phone list in order to contact Ms. Hawkins to determine her work status for the next shift.

25. After an extensive and time consuming search Ms. Terrell could not locate the list, which was not available, and with time running short, she utilized the Hospital's patient data base where she accessed Ms. Hawkins's demographic information on the first screen in order to obtain her phone number. Plaintiff did not access Ms. Hawkin's medical records.

26. After she obtained Ms. Hawkin's phone number Plaintiff immediately had to attend to pressing work matters on this busy Monday morning, and by the time she was free it was after 11:00 A.M.

27. As Ms. Hawkins was required to call by 11:00 A.M. if she was not coming in and she had not, Plaintiff did not contact her.

28. The second incident occurred on August 22, 2016 when Ms. Terrell was working on the unit and a person entered the unit and informed Ms. Terrell that there had been a shooting in the immediate vicinity of the house of Ms. Hawkins.

29. The shooting had taken place at nearly the same time Ms. Hawkins would be getting home from her shift at the hospital.

30. Ms. Terrell again looked for the telephone list to obtain Ms. Hawkins' telephone number in order to call her and ensure that she was unharmed and able to work her next shift. Once again

the list was not available.[1]

31. Plaintiff followed the same procedure she had previously, accessing the first screen of the patient data base search containing Ms. Hawkins' demographic information only, where she found Ms. Hawkins' telephone number and address. Plaintiff did not access Ms. Hawkin's medical records

32. Plaintiff then decided not to call as it was early morning and she feared waking up Ms. Hawkins.

33. On or about August 25, 2016 Plaintiff was suspended and on or about September 9, 2016 she was terminated, ostensibly for the two above incidents.

34. Defendants gave as the reasons for termination that Claimant violated company policy because she did not have a business reason for accessing the above information; and also indicated to her that her actions constituted HIPPA violations.

35. Defendants did not allow Plaintiff to respond to these false allegations.

36. Ms. Terrell did not violate Respondent's policies or HIPPA requirements as she had business needs for the telephone number and address and she did not disclose even this merely demographic information to anyone.

37. Ms. Terrell was thus unaware that she had allegedly violated Defendants' policies or HIPPA.

38. In violation of their progressive disciplinary policy, Defendants terminated Plaintiff, an outstanding 42 year employee, without warning or hearing or first imposing lesser discipline.

39. Other co-workers significantly younger than Plaintiff have often, with Defendants' knowledge and consent, accessed in this manner and disclosed to others similar demographic information of co-workers when the information was otherwise unavailable at the hospital, without reprisal. This further led Plaintiff to believe she was not violating any company policy or other regulation or law.

40. Further, upon information and belief, other of Plaintiff's co-workers with Defendants who were significantly younger than Plaintiff have accessed and disclosed confidential

---

[1] Plaintiff later came to learn that the list had been taken home by a co-worker during the time period of these incidents.

information of co-workers without reprisal and/or reprisal equal to that meted out to Plaintiff.

41. Upon information and belief another employee over age 60, "Sandy", a clerk in the Hospital's admissions unit was also recently terminated without following progressive disciplinary procedures. This employee was terminated because she called out a patient's name in a waiting room.

42. Upon information and belief Defendants have subsequently replaced Ms. Terrell, aged 61, with a less qualified individual aged between 40 and 45.

43. At all times prior to her termination, Plaintiff was capable and qualified to perform the duties and responsibilities of her position and in fact did so satisfactorily perform.

44. Defendants' actions detrimentally affected the terms and conditions of Ms. Terrell's employment with them and were motivated by age animus. This is in violation of the Age Discrimination in Employment Act and its PHRA equivalent.

45. Defendants treated Plaintiff differently from other non-protected and/or significantly younger employees similarly situated to Plaintiff on the basis of Plaintiff's age, to her detriment.

46. Plaintiff was subjected to these adverse employment decisions by Defendants on the basis of her age and not because of any legitimate business reasons.

## COUNT I
ADEA Violation

47. Plaintiff incorporates paragraphs 1 through 46 as though set forth in full herein.

48. The aforesaid actions of Defendants, by and through their agents and employees acting within the course and scope of their agency or employment, discriminated against Plaintiff because of her age with regard to Plaintiff's terms and conditions of employment and termination of employment, and constitute a violation of the Age Discrimination in Employment Act, 29 U.S.C. 621, *et seq.*

49. Defendants' acts of discrimination as aforesaid were intentional, willful, and in reckless disregard of Plaintiff's rights and interests.

50. As a direct result of Defendants' willful, wrongful and unlawful actions in discrimination against Plaintiff in violation of the ADEA, Plaintiff has suffered severe emotional distress, humiliation, embarrassment, loss of self-esteem, damage to her reputation, and loss of income,

benefits, and interest due thereon.

51. The above described actions of Defendants with regard to Plaintiff were committed with a malicious, willful, and/or reckless indifference to the federally protected rights of Plaintiff, warranting liquidated damages.

**WHEREFORE,** Plaintiff Gloria Terrell demands judgment in her favor and against Defendants and requests that this Court order that:

(a) Defendants compensate Plaintiff for the lost past and future wages and other benefits and emoluments of employment lost because of their unlawful conduct;

(b) Defendants pay to Plaintiff compensatory damages for future pecuniary losses and other non-pecuniary losses as allowable; and

(c) Defendants pay to Plaintiff all other legal and equitable relief recoverable under the ADEA, including, but not limited to, liquidated damages, attorneys' fees, expert witness fees, the costs of this action, and pre-and post-judgment interest.

### COUNT II
Pennsylvania Human Relations Act Violation

52. Plaintiff incorporates paragraphs 1 through 51 as though set forth in full herein.

53. The aforesaid actions of Defendants, by and through their agents and employees acting within the course and scope of their agency or employment, discriminated against Plaintiff because of her age with regard to Plaintiff's terms and conditions of employment and termination of employment, and constituted a violation of the Pennsylvania Human Relations Act, Title 43 Pa. Cons. Stat. Ann. Section 951 *et seq.*

54. As a direct result of Defendants' willful, wrongful and unlawful actions in discrimination against Plaintiff in violation of the Pennsylvania Human Relations Act, Title 43 Pa. Cons. Stat. Ann. Section 951 *et seq.*, Plaintiff has suffered severe emotional distress, humiliation, embarrassment, loss of self-esteem, damage to her reputation, and loss of income, benefits, and interest due thereon.

55. The above described actions of Defendants with regard to Plaintiff were committed with a malicious, willful, and/or reckless indifference to the protected rights of Plaintiff, warranting

liquidated damages.

**WHEREFORE,** Plaintiff Gloria Terrell demands judgment in her favor and against Defendants and requests that this Court order that:

(a) Defendants compensate Plaintiff for the lost past and future wages and other benefits and emoluments of employment lost because of their unlawful conduct;

(b) Defendants pay to Plaintiff compensatory damages for future pecuniary losses and other non-pecuniary losses as allowable; and

(c) Defendants pay to Plaintiff all other legal and equitable relief recoverable under the PHRA, including, but not limited to, liquidated damages, attorneys' fees, expert witness fees, the costs of this action, and pre-and post-judgment interest.

### JURY DEMAND

Plaintiff requests trial by jury on all counts.

Dated: 7/12/2017

/s/ Albert J. Michell
Albert J. Michell, Esquire
**ALBERT J. MICHELL, P.C.**
40 West Evergreen Avenue
Suite 104
Philadelphia, PA 19118
*Please send correspondence to:*
P.O. Box 4062
Philadelphia, PA 19118
Telephone: 215.922.2588
Attorney ID # 76797
Validation of Signature Code: AJM4598